UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IKE NJOKU,  )
                                 ) CASE NO. C17-0558 RSM
        Plaintiff,  )
                                 )
    v.  ) ORDER OF DISMISSAL
                                 )
EVERGREEN SALES AND LEASE,  )
                                 )
        Defendant.  )

*Pro Se* Plaintiff, Ike Njoku, has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #3. The Complaint was filed on April 13, 2017. Dkt. #4. Summons has not yet been issued.

Plaintiff alleges a breach of contract claim against Defendant. Dkt. #4 at 2. Plaintiff alleges he had an oral agreement with Defendant to purchase a 2006 Range Rover SUV. Plaintiff further alleges that he made a down payment of $12,000 for the purchase, and that when he asked for its return, Defendant informed him that it was a deposit and there are no refunds for deposits. *Id.* Defendant now seeks the return of his down payment. *Id.* at 4.

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the

ORDER
PAGE - 1

pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Further, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In this case, Plaintiff alleges only a state law claim for breach of contract. He has not alleged facts to support diversity jurisdiction in this Court. Indeed, both the Plaintiff and Defendant appear to be residents of Washington State, and the amount in controversy is $12,000. Diversity jurisdiction does not exist where the plaintiff and defendant are citizens of the same state and the amount in controversy is less than $75,000. *See* 28 U.S.C. § 1332.

Accordingly the Court has no subject matter jurisdiction over this dispute and hereby DISMISSES this matter. Nothing in this Order precludes Plaintiff from bringing his action in the appropriate Washington State court.

The Clerk shall send a copy of this Order to Plaintiff at the address he has provided to this Court.

This matter is now CLOSED.

DATED this 14th day of April, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 2